ORDER AND JUDGMENT *
Paul J. Kelly, Jr., Circuit Judge
Defendant-Appellant Richard Besecker (“Sheriff Besecker”) appeals from the district court’s denial of his motion for summary judgment based on qualified immunity. Order, Jackson v. Besecker, No. 15-cv-1182-JLK (D. Colo. Sept. 15, 2016) (unpublished), ECF No. 50; see also 3 Aplt. App. 611-14. We dismiss this appeal for lack of jurisdiction.
Background
In February 2014, Plaintiff-Appellee Richard Jackson, a deputy sheriff in Gun-nison County, Colorado, announced that he was running for sheriff. This position was occupied by his boss, Sheriff Besecker, who opted to run for reelection. Sheriff Besecker won the election and then fired Mr. Jackson in March 2015. Mr. Jackson instituted this action under 42 U.S.C. § 1983. He claims, that Sheriff Besecker terminated him in retaliation for running against him in violation of his First Amendment rights of free speech and free *793 dom of association. Sheriff Besecker moved for summary judgment on the basis of qualified immunity.
The district court held that Sheriff Be-secker was not entitled to qualified immunity because material facts were disputed. 3 Aplt. App. 612-13. But the district court did not assume any facts regarding any disruption the election may have caused in the sheriffs office. Nor did the court conduct any sort of legal analysis to that end. Sheriff Besecker filed a notice of interlocutory appeal.
Discussion
We generally only have jurisdiction over final orders made by district courts. 28 U.S.C. § 1291. However, we may review a non-final order denying qualified immunity if it “turns on an issue of law.” Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We “lack interlocutory jurisdiction to review a district court ruling denying summary judgment for a defendant on a qualified immunity defense on the ground that there are disputed issues of material fact.” Sevier v. City of Lawrence, 60 F.3d 695, 700 (10th Cir. 1995); see also Johnson v. Jones, 515 U.S. 304, 319-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Qualified immunity appeals are appropriate for “neat abstract issues of law.” Id. at 317, 115 S.Ct. 2151. They are not appropriate when the issue revolves only around whether a party can prove a set of facts supporting his or her claim.
There are genuine issues of material fact regarding any potential or actual disruption at the sheriffs office. Compare Aplt. Br. at 13-15, with Aplee. Br. at 18-26. These factual disputes prevent resolution of this matter under the multi-factored Garcetti/Pickering test. See Dixon v. Kirkpatrick, 553 F.3d 1294, 1301-02 (10th Cir. 2009). See generally Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); Pickering v. Bd. of Educ., 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). This was why the district court denied qualified immunity. 3 Aplt. App. 612-13. We therefore do not have jurisdiction. See Johnson, 515 U.S. at 319-20, 115 S.Ct. 2151.
The dissent suggests conducting a de novo review of the record because the district court did not discuss whether a reasonable fact-finder could conclude that the campaign caused disruption in the sheriff’s office. See Dissent Op. at 794-96 (citing Lewis v. Tripp, 604 F.3d 1221, 1224-26 (10th Cir. 2010) (Gorsuch, J.)). Johnson suggests that we may review the record de novo to determine what facts the district court likely assumed, but only “when it denied summary judgment for [a] (purely legal) reason.” 515 U.S. at 319, 115 S.Ct. 2151. Our reading of the district court’s orders is that a reasonable jury could find there was no disruption in the sheriffs office, and the termination was therefore motivated by Mr. Jackson’s decision to run against Sheriff Besecker. While it is true that we can address whether a right is clearly established, Sheriff Besecker does not argue that he is entitled to qualified immunity under the facts developed by Mr. Jackson, but only that there was not an evidentiary basis supporting those facts.
Application of the doctrine of qualified immunity requires identifying the constitutional violation and the clearly established law with precision. The problem with the dissent’s approach is that we would be completely replacing the district court’s first pass with one of our own. The district court did not apply the multi-factored test, making the reverse engineering of the dissent inappropriate.
APPEAL DISMISSED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.